**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 05-6759**

————————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

    versus

KELVIN ANDRE SPOTTS,

                              Defendant - Appellant.

————————————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (CR-98-47; CA-00-647)

————————————

Submitted: October 18, 2005          Decided: October 21, 2005

————————————

Before WIDENER, MICHAEL, and DUNCAN, Circuit Judges.

————————————

Dismissed by unpublished per curiam opinion.

————————————

Kelvin Andre Spotts, Appellant Pro Se. Ray McVeigh Shepard, Special Assistant United States Attorney, Charleston, West Virginia, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kelvin Andre Spotts, a federal prisoner, seeks to appeal the district court order denying his motion entitled "Motion for Reconsideration and/or Redetermination of Findings and Recommendations made on June 9th, 2003, by Magistrate Judge Maurice Taylor."[1] An appeal may not be taken from the final order in a 28 U.S.C. § 2255 (2000) proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Spotts has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.[2]

_____

[1]Spotts is referring to the Findings and Recommendation issued by a Magistrate Judge on June 9, 2003, in which the magistrate recommended denying Spotts' § 2255 motion. That recommendation was adopted by the district court.

[2]We note that the district court recognized that Spotts'
(continued...)

- 2 -

Additionally, we construe Spotts' notice of appeal and informal brief on appeal as an application to file a successive § 2255 motion. See Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. § 2244(b)(3)(C); § 2255 (2000). Spotts' claims do not satisfy either of these conditions. Therefore, we decline to grant Spotts authorization to file a successive § 2255 motion. We also deny Spotts' motion to remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[2](...continued)
motion could be construed as a successive habeas motion. We find such a construction appropriate because the motion directly attacked Spotts' sentence. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir.), cert. denied, 540 U.S. 995 (2003). Nonetheless, Spotts fails to establish the criteria for issuance of a certificate of appealability. See Reid v. Angelone, 369 F.3d 363, 368-69 (4th Cir. 2004).